THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LONNIE NORTON,<br><br>　　　　　Plaintiff,<br>v.<br>MICHAEL PARSONS et al.,<br>　　　　　Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 4:20-CV-38 DN<br><br>District Judge David Nuffer |

As a *pro se* inmate, Plaintiff filed a complaint attacking his conditions of confinement, mainly under 42 U.S.C.S. § 1983 (2022).[1] He generally alleges Central Utah Correctional Facility (CUCF) defendants Parsons and White provided constitutionally inadequate dental treatment, while other CUCF defendants McNeill and Romero violated his constitutional rights by rejecting certain publications mailed to Plaintiff. (Compl., ECF No. 5.)

More specifically, Plaintiff's Complaint states his claims and allegations as follows:

(1) From August 5, 2018 to March 20, 2019, Defendants Parsons and White provided constitutionally inadequate dental care regarding his teeth numbers four and twelve, resulting in those teeth breaking and permanently lacking viability. (ECF Nos. 5, at 4-7; 5-2, at 2, 15; 21-2,

---

[1] The federal civil-rights statute reads, in pertinent part:
>    Every person who, under color of any statute, ordinance, regulation, custom, or
>    usage, of any State . . ., subjects, or causes to be subjected, any citizen of the
>    United States or other person within the jurisdiction thereof to the deprivation of
>    any rights, privileges, or immunities secured by the Constitution and laws, shall
>    be liable to the party injured in an action at law, suit in equity, or other proper
>    proceeding for redress . . . .

42 U.S.C.S. § 1983 (2022).
　　　Section 1983 creates the right of action only; it does not create any substantive rights, which must derive from the Constitution or federal statute. *See Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002).

at 13; 21-9, at 7; 35, at 17.) During this time, there were CUCF staff members who did not timely schedule dental appointments at Plaintiff's request, and there were two specific times, on November 26, 2018 and December 12, when unknown housing officers did not allow Plaintiff to attend dental appointments; all of this led to permanent damage of the teeth. (ECF No. 5, at 5-7.)

(2) Three publications addressed to Plaintiff were unconstitutionally returned to sender: (a) On June 26, 2018, Defendant McNeill rejected the *Disciplinary Self Help Litigation Manual* from Human Rights Defense Center AKA Prison Legal News; (b) On March 6, 2019, Defendant Romero rejected a publication from "Hamiltonbook.com."; and, (c) on March 20, 2019, Defendant Romero rejected a publication from "Hamiltonbook.com." (ECF No. 5, at 9-10.)[2]

---

[2] Throughout his materials, Plaintiff appears to impermissibly try to expand his claims, plaintiffs, or defendants beyond those found in the Complaint. (ECF No. 5.) Plaintiff may not bring other claims, plaintiffs, or defendants into this action by referring to them in other post-Complaint documents and, either subtly or overtly, indicating a wish for them to be litigated here.

Federal Rule of Civil Procedure clearly states that initial pleadings past the service-of-process stage, which ended almost two years ago in this case, may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). This has not happened here. So, the following potentially attempted claims, or new plaintiffs and defendants, will not be considered further in this case in any way:
• "I declare that *UDOC policies*, as applied to [Defendant] McNeill to my book DSHLM, violated *my friend's constitutional right* to correspond through the sending of this publication from the vendor PLN and my constitutional right to receive it as well as *PLN's right* to sell and ship it to me." (ECF No. 35, at 29 (emphasis added).)
• August 15, 2021, Warden Blood retaliated against Plaintiff, for pursuing legal claims as to rejected publications, by going "back to allowing [Plaintiff] to only buy books off commissary." (ECF No. 35, at 38.)
• On January 31, 2020, Defendant Romero denied incoming books. (*Id.*)
• On August 19, 2021, property staff member, Sara Nelson, rejected incoming books. (ECF No. 35, at 41.)
• "I declare that Forrest McNeill, Jason Romero, Shane Nelson, Steve Gehrke, and Warden Blood did not follow policies . . . [and] thus violated my constitutional rights." (ECF No. 35, at 43.)
• "I declare that the prison library was unavailable to me from March 2020 through July 2021, and UCI Commissary book ordering has been unavailable to me from March 2020 through July 2021." (ECF No. 35, at 45.)
• "Along with the claims charged in [Plaintiff's] original complaint, circumstances have developed subsequent to filing which will require supplemental pleadings setting out transactions, occurrences, or events that happened after the date of the pleading." (ECF No. 36.)
• Unconstitutional policies, customs or practices.

Defendants waived service of process, and filed answers, a *Martinez* report, a summary-judgment motion, a motion for sealing of certain documents, and a motion to strike a document Plaintiff filed. (ECF Nos. 10-17, 20-21, 31, 34, 47, 56.)

Plaintiff has pending motions for preliminary injunctive relief, (ECF No. 18); to compel discovery, (ECF Nos. 44, 61); and to file supplemental exhibits, (ECF No. 58).

Each pending motion is examined in turn below.

## I. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's Complaint raises claims under the Federal Constitution and Utah law, alleging Defendants Parsons and White inadequately treated his teeth, numbers four and twelve. (ECF No. 5.) These two teeth "broke," after incomplete root-canal therapy failed to save them. (ECF Nos. 5, at 6-7; 5-2, at 14; 21-9, at 5; 35, at 17.) Defendant Parsons recommended the teeth be extracted, but Plaintiff has declined that recommendation. (ECF No. 5, at 4; Parsons 2d Decl., ECF No. 49-5, at 5.) Instead, he seeks preliminary injunctive relief for the Court to require Defendants to provide "permanent dental implants." (ECF No. 18.)

In the meantime, Plaintiff has transferred to a different facility, where Defendants Parsons and White[3] are not the dentists. (ECF No. 65.) "An inmate's transfer from a prison facility generally moots claims for . . . injunctive relief related to conditions of confinement." *Mitchell v. Estrada*, 225 F. App'x 737, 741 (10th Cir. 2007) (unpublished). Plaintiff's motion for preliminary injunction to receive permanent dental implants is thus denied as moot. Other claims for relief survive.

---

[3] Defendant White left CUCF in April 2019 and so, for that reason too, is unavailable to provide injunctive relief. (White Decl., ECF No. 21-9, at 2.)

3

## II. MOTIONS TO COMPEL DISCOVERY

As ordered, Defendants filed a *Martinez* report. (ECF Nos. 9, 20, 21, 31.) Such a report is named after the Tenth Circuit case, *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), approving the district court's practice of ordering prison administrators to prepare a report to be included in pleadings in cases when an inmate has filed suit alleging constitutional violations against institution officials.

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007. The *Martinez* report then is a form of discovery in prisoner civil-rights cases. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("A *Martinez* report is treated like an affidavit . . . ."). The report here met its purpose by "allow[ing] assembly of a record 'necessary for the orderly consideration of the issues.'" *Adulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (quoting *Martinez*, 570 F.2d at 319).

In fact, this *Martinez* report produced a trove of admissible evidence, in the form of prison records and policies, and declarations. (ECF Nos. 20, 21, 31.) Plus, before and after the *Martinez* report, Plaintiff also filed admissible evidence, as follows: Verified Civil Rights

4

Complaint,[4] to which he attached copies of prison records and policies, and correspondence, (ECF No. 5); a "supplemental exhibit," with a copy of prison policy, (ECF No. 7); "Declaration of Lonnie Norton," (ECF No. 35); and, Plaintiff's *Martinez* Response, to which he attached more copies of prison records and policies, and correspondence, (ECF No. 36). These filings have resulted in a fair amount of duplication.

Despite availability of these hundreds of pages of evidence, Plaintiff moves for more discovery. (ECF Nos. 44, 51, 61.) Together, Plaintiff's discovery motions are construed "as motions for relief under Federal Rule of Civil Procedure 56(d)," stating,

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Such a Rule56(d) affidavit or declaration must describe: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quotation marks and brackets omitted). And one of Plaintiff's discovery documents is actually entitled, "Verified Memorandum Regarding Need for Discovery," explicitly referencing Rule 56(d). (ECF No. 51.)

---

[4] Because Plaintiff's complaint was verified, it is treated as a "sworn affidavit." *See Ali v. Dinwiddie*, 437 F. App'x 695, 697 n.4 (10th Cir. 2011) (unpublished) (citing *Hall*, 935 F.2d at 1111 (stating plaintiff's complaint is treated like affidavit so long as it "alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury")).

Indeed, "[b]ecause pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set out in the *Martinez* report." *Hall*, 935 F.2d at 1109. "[A] prison litigant may fend off summary judgment by producing evidence conflicting with that in the *Martinez* report, or by alleging contradictory facts in a verified complaint based on personal knowledge." *Graham v. Van Dycke*, 318 F. App'x 654, 657 (10th Cir. 2009) (unpublished). After all, inmates asserting violations by prison officials "will rarely suffer from information asymmetry. Not only do prisoners ordinarily know what has happened to them; but they will have learned how the institution has defended the challenged conduct when they pursue the administrative claims that they must bring as a prerequisite to filing suit." *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).

That being said, the guiding tenet for reviewing Plaintiff's discovery requests is that "[d]iscovery [is a] matter[] within the district court's broad discretion." *Adulhaseeb*, 600 F.3d at 1310. In probing these requests, though, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Defendants apparently did not attempt to answer any of Plaintiff's discovery requests.

### A. Generally Applicable Discovery Rule

Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

> discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiff should very clearly keep in mind that the only evidence relevant to this action concerns his discrete claims and allegations against the defendants in his Complaint, and numbered one through two in this Order's second paragraph. (ECF No. 5.) Plaintiff should also remember that, as part of its Rule 26(b) inquiry, the Court has done a deep dive into *all* evidence filed thus far, in identifying as closely as possible just any potential gaps to be filled, based on the Court's understanding of the specific elements of, and allegations regarding, each cause of action asserted in the Complaint.

### B. Plaintiff's Motion to Compel Discovery

Here, Plaintiff asks the Court, under Federal Rules of Civil Procedure "33(a), 34(b), 36(a), and 37(a), for an order compelling the defendants to (1) produce for inspection and copying [certain documents]; (2) answer [certain] interrogatories; and (3) make [certain] admissions." (ECF No. 44.)

#### i. "Plaintiff's First Request for Production of Documents"

In "Plaintiff's First Request for Production of Documents," he seeks (a) every UDOC document as to Defendants Parsons or White or anyone at UDOC that concerns Parsons or White's "mistreatment of prisoners"; (b) every UDOC document for any UDOC inmate grieving "dental services from April 1, 2015 to date of your response"; (c) all staff instructions and policies for root canals done by UDOC personnel; (d) Plaintiff's "entire dental file, including, but not limited to, dentists' and assistant's notes, treatment records, memos, emails, text messages, x-

7

rays, meta-data, photos, diagrams, etc., from Plaintiff's arrival at the prison on . . . April 10, 2015 to date of your response"; (e) every UDOC document for scheduling dental appointments for Plaintiff from his arrival at CUCF to response date; (f) every UDOC grievance document for Plaintiff's dental care and denial of his packages; (g) every UDOC document as to CUCF staff keeping Plaintiff from dental appointments on November 26 and December 12, 2018; (h) most recent UDOC policies for mail and property; and (i) all UDOC policies, practices, and customs regarding third-party purchases and approved vendors' lists. (ECF No. 44-2, at 2-7.)

  Out of these requested documents, the only items that may be relevant and proportionate to Plaintiff's claims are root-canal instructions; Plaintiff's full dental file as to Defendants Parsons and White's treatment of his teeth numbers four and twelve, between August 5, 2018 through March 20, 2019; every UDOC document with information about CUCF staff (with names) handling Plaintiff's dental-care requests and scheduling Plaintiff's dental appointments, for treatment of teeth numbers four and twelve, between August 5, 2018 through March 20, 2019; and, every UDOC document as to CUCF staff (especially those that identify the staff members involved) rejecting Plaintiff's attendance at dental appointments on November 26 and December 12, 2018. These items must be provided by Defendants now, or Defendants must provide citations, with page numbers, to documents on file where this information has already been provided. If Defendants are unable to identify names of staff members, they must explain their efforts and why they failed.

  Because the other items requested lack relevance to the claims and defendants at issue in the Complaint, and are out of proportion to the discovery actually needed, discovery of all other items not listed in the above paragraph is denied. *See* Fed. R. Civ. P. 26(b)(1).

### ii. Plaintiff's Interrogatories and Requests for Production of Documents

Having reviewed the possible relevance to the claims and defendants in the Complaint, the Court sees but one interrogatory that suggests relevance (as tailored by the Court) and fills a gap not already found in the evidence on file here--i.e., state names, titles, and duties of all CUCF staff members, except Defendants Parsons and White, with responsibility for responding to Plaintiff's dental-care requests and scheduling Plaintiff's dental appointments, for teeth four and twelve, between August 5, 2018 through March 20, 2019. (ECF No. 44-4, at 3.)

This must be answered by Defendants now. But, because all other requested items under this section, (ECF No. 44-4), lack relevance to the claims and defendants in the Complaint and are out of proportion to the discovery needs in the case, discovery on those subjects is denied. *See* Fed. R. Civ. P. 26(b)(1).

### iii. Plaintiff's First Requests for Admisssions

Having reviewed the possible relevance to the claims and defendants at issue in the Complaint, the Court rejects all requests for admission, as none seems relevant or fills a gap in the evidence already on the docket. (*See* ECF No. 44-5.)

### iv. Summary

In summary, Plaintiff's Motion to Compel Discovery is granted in part and denied in part, as identified in the above paragraphs. (ECF No. 44.) Any requested discovery items regarding matters outside the exact dates and events involved in the specific allegations and causes of action raised in the Complaint are rejected by the Court as irrelevant. Any requested discovery items that appear to duplicate the evidentiary items already on the docket are rejected by the Court. The Court also considers that grievance documents--many of which already appear on the

docket--do not appear particularly relevant because this affirmative defense has not been relied upon in the summary-judgment motion. Generally speaking, most of what Plaintiff has sought is irrelevant. *See Brigden ex rel. Brigden v. Oklahoma ex rel. Okla. Dep't of Corr.*, No. 96-6339, 1997 U.S. App. LEXIS 29876, at *24-25 & n.7 (10th Cir. Oct. 29, 1997) (unpublished) ("Clearly, the plaintiff hopes and believes that further discovery will turn something up. It takes some showing greater than that [general and conclusory references], however, to prevail at this point."); *Hanson v. Smith*, No. 93-3129, 1993 U.S. App. LEXIS 32621, at *5 (10th Cir. Dec. 6, 1993) (unpublished) (holding district court did not err in denying discovery when "Plaintiff apparently wished to pursue a fishing expedition without any basis or foundation").

### B. Plaintiff's "Verified Memorandum Regarding Need for Discovery"

This document was filed to meet Plaintiff's need to allege "by affidavit or declaration that, for specified reasons," he "cannot present [some] facts essential to justify . . . opposition" to Defendants' summary-judgment motion, (ECF No. 51.) Fed. R. Civ. P. 56(d). Plaintiff's arguments primarily address the validity of his discovery requests. The Court has carefully reviewed this document and considered all its statements and arguments in deciding on the discovery requests evaluated above.

### C. Plaintiff's Supplemental Motion to Compel Discovery

Here, Plaintiff asks the Court to order Defendants "to produce for inspection and copying" UDOC "policy and procedure" as "altered, amended, or removed in 2022, after Defendants' *Martinez* report." (ECF No. 61.) However, such documents have no relevance to the claims here--occurring in 2018 and 2019. The Court therefore denies this motion.

The only relevant UDOC policy and procedure is what was in place during the exact times of the allegations and claims in the Complaint. It appears from the Court's review of the docket that much of that relevant policy and procedure was already filed.

### III. MOTION TO SEAL

Under District of Utah Local Rule 5-3(b)(7), Defendants move "for an order to file under seal any records marked Private and Protected under the Utah Records Access and Management Act, without filing redacted versions of the Exhibits." (ECF No. 47.) Defendants argue that "[t]he Exhibits marked Private and Protected are highly confidential, and include information such as protected prison policies, health records and witness declarations," warning that "[a]ccess to these records is subject to specific controls, including both public and inmate restrictions" and "redactions would essentially nullify Exhibits at issue in their entirety." (*Id.* at 2.)

Defendants' arguments apply to their response, (ECF No. 48), to Plaintiff's motion for preliminary injunctive relief, (ECF No. 18), with the "under seal" designation requested for Defendants' exhibits marked "Private": Exhibits B (Plaintiff's patient progress notes), G (UDOC dental director's declaration about Plaintiff's dental health), and H (Defendant Parsons' declaration about Plaintiff's dental health); and Defendants' exhibits marked, "Protected": Exhibits C (UDOC Dental Services policy) and E (UDOC Health Care Services policy). Defendants contend these exhibits are prohibited from disclosure to the public under Utah Code §§ 63G-2-302, -305, so sealing them would "provide a secure way to communicate the sensitive information to the Court without compromising prison security" and "honor State Defendants' [Utah Records Access and Management Act (GRAMA)] obligations." (ECF No. 47, at 4.)

Defendants further urge that a redaction requirement would result in "the documents at issue essentially . . . containing no information and . . . no practical value." (ECF No. 47, at 5.)

Plaintiff opposes Defendants' motion. (ECF No. 54.) In deciding this motion, the Court has reviewed all the parties' arguments.

The District of Utah's Local Rules recognize that "records of the court are presumptively open to the public," and so "sealing [documents] . . . is highly discouraged." DUCivR 5-3(a)(1). However, "[o]n motion of a party and a showing of good cause, a judge may order that a Document be sealed." *Id.*

Based on Defendants' arguments and the Court's review of these exhibits, the Court sees the sensitive nature of information on Plaintiff's private medical records and the need for security regarding UDOC's policies on medical care for inmates in its custody. Concluding that good cause exists to seal the documents, without requiring redacted copies, the Court finds Defendants' request narrowly tailored in the protection it seeks; the duration of the seal shall be permanent; and, at the very least, Utah's GRAMA supports the sealing. *See* DUCivR 5-3(b)(2).

### IV. ORDER

**IT IS ORDERED** that:

**(1)** Plaintiff's motion for preliminary injunctive relief is **DENIED** as moot. (ECF No. 18.)

**(2)** Plaintiff's Motion to Compel Discovery is **GRANTED** in part and **DENIED** in part. (ECF No. 44.)

    **(a)** The motion is granted as follows: Within thirty days, Defendants must provide to the Court and Plaintiff--

**(i)** copies of every UDOC document regarding • instructions about root canals; • Plaintiff's dental file as to Defendants Parsons and White's treatment of his teeth numbers four and twelve, between August 5, 2018 through March 20, 2019; • handling of Plaintiff's dental-care requests and scheduling of Plaintiff's dental appointments (especially those identifying the involved staff members), for treatment of teeth numbers four and twelve, between August 5, 2018 through March 20, 2019; and, • CUCF staff (especially those that identify the staff members involved) who denied Plaintiff's attendance at dental appointments on November 26 and December 12, 2018; and,

**(ii)** an answer to one interrogatory that requests the names, titles, and duties of all CUCF staff members, other than Defendants Parsons and White, who had responsibility for responding to Plaintiff's dental-care requests and scheduling Plaintiff's dental appointments, regarding teeth four and twelve, between August 5, 2018 through March 20, 2019.

If Defendants have already provided any of this information, they must provide citations to relevant documents and pages.

**(b)** The motion is denied as follows: Any items not identified in section (2)(a), directly above, need not be provided in discovery. The Court has concluded that such items lack relevance to the specific claims and defendants in the Complaint. *See* Fed. R. Civ. P. 26(b)(1).

**(3)** Defendants' Motion to Seal is **GRANTED**. (ECF No. 47.) Exhibits B, C, E, G, and H, attached to State Defendants' Response to Plaintiff's Request for a TRO or Preliminary Injunction, (ECF No. 48), are to remain sealed, with no need to provide redacted copies.

**(4)** Defendants' motion to strike Plaintiff's untimely reply to state defendants' response to Plaintiff's motion for TRO or PI is **DENIED**. (ECF No. 56.) Plaintiff's motion has since been denied as moot.

**(5)** Plaintiff's Motion to Add Second Supplemental Exhibits is **DENIED**. (ECF No. 58.) What Plaintiff seeks to add is a copy of an article, entitled, "The Difference Between Dental Crowns and Dental Implants," that was apparently taken from a particular dentist's website. This article appears to be promotional material, lacking indices of relevant, admissible evidence.

**(6)** Plaintiff's Supplemental Motion to Compel Discovery is **DENIED**. (ECF No. 61.)

**(7)** Within thirty days of receiving any of the possible discovery required of Defendants here, Plaintiff must file *only* a document of fewer than ten pages--*not* an amended complaint--in which he states whether any of that specific new discovery causes him to want to amend his Complaint. Plaintiff must keep in mind that he *may not expand the dates or claims beyond where they stand now*. For instance, if Plaintiff suggests he would like to add actual defendant names to replace the "Doe" defendants in the Complaint--linking them to the specific allegations about teeth four and twelve, between August 5, 2018 through March 20, 2019--the Court will entertain his request under Federal Rule of Civil Procedure 15.

**(8)** Within thirty days of receiving Plaintiff's document indicating whether he would like to amend the Complaint, Defendants shall file a response.

**(9)** Within thirty days of receiving Defendants' response, Plaintiff shall file a reply, not to exceed ten pages.

**(10)** Within sixty days of receiving Plaintiff's reply, the Court will issue an Order regarding whether Plaintiff may amend his Complaint.

**(11)** Pending these developments, Defendants' summary-judgment motion is **DENIED**, (ECF No. 34.) Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . deny [the motion]."). After all, Plaintiff has shown here that some relevant facts may not be available and he tried but failed to obtain those facts from Defendants. *See Valley Forge Ins. Co.*, 616 F.3d at 1096. Of course, based on how the litigation takes shape in coming months, Defendants may choose to renew their summary-judgment motion in the future.

**(12)** Except for the two filings (of not more than ten pages) authorized by the Court in this Order--(a) *after* receiving any additional discovery from Defendants, Plaintiff's document indicating whether he would like to amend the Complaint and (b) Plaintiff's reply to Defendant's response--Plaintiff must suspend further filings of any kind. Any further filings not invited by the Court shall be returned to sender by the Clerk of Court. Any other filings would be irrelevant and distracting at this stage of the litigation.

DATED this 28th day of March, 2023.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court